AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.    MJ21-639
A gray 2007 BMW 328 and two digital devices, as )
more fully described in Attachment A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
A gray 2007 BMW 328 and two digital devices, as more fully described in Attachment A, incorporated herein by reference

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute/Distribution of Controlled Substances |
| 21 U.S.C. § 843 | Use of a Communication Facility to Facilitate a Drug Trafficking Offense |

The application is based on these facts:
- ✓ See Affidavit of Christine Hughey, continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Christine Hughey*
*Applicant's signature*

Christine Hughey, Special Agent
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____12/01/2021_____

*S. Kate Vaughan*
*Judge's signature*

City and state:  Seattle, Washington

S. Kate Vaughan, United States Magistrate Judge
*Printed name and title*

USAO: 2021R01314

1

**AFFIDAVIT OF CHRISTINE HUGHEY**

2

STATE OF WASHINGTON           )

3                                                     )        ss

COUNTY OF KING                       )

4

5        I, Christine Hughey, a Special Agent with the Federal Bureau of Investigation,

6    Seattle, Washington, being first duly sworn, hereby depose and state as follows:

7                                           **INTRODUCTION**

8        1.        This Affidavit is being submitted pursuant to Federal Rule of Criminal

9    Procedure 41 in support of an Application for a warrant authorizing the search of the

10   following vehicle and cell phones, as further described in Attachment A, which is

11   attached hereto and incorporated herein, for the items to be searched for and seized

12   described in Attachment B, which is attached hereto and incorporated herein:

13                a.        A gray 2007 BMW 328 bearing Washington license plate CAY0338,

14                VIN #WBAVC53507FZ70985, which was seized by the Snohomish County

15                Sheriff's Office on or about October 9, 2021, and is now stored in a secure vehicle

16                processing area (the "**Subject Vehicle**").

17                b.        Device 1: A rectangular-shaped smart phone in what appears to be a

18                black case, located on the front seat of the **Subject Vehicle** ("**Subject Device 1**").

19

20

21

22

23

24

25                c.        Device 2: A gray Alcatel flip phone with what appears to be an

26                instructional sticker on the phone, located on the front seat of the **Subject Vehicle**

27                ("**Subject Device 2**").

28

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



2.      Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 (Distribution of Controlled Substances), and 843(b) (Use of Communication Facility to Facilitate Controlled Substance Offense), have been committed by Zachery Farnam. There is also probable cause to believe that the **Subject Vehicle** and **Subject Devices** described above contain evidence of the aforementioned offenses. As such, there is probable cause to search the locations described in Attachment A, for evidence, instrumentalities, or contraband of these crimes, as described in Attachment B. Obtaining the information sought in this Affidavit is necessary to further the investigation into these offenses.

## AGENT BACKGROUND

3.      I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since April 2006. I am currently assigned to the Seattle Field Division where I am a member of the violent crime, gang, and Transnational Organized Crime – Western Hemisphere squad. I have completed all mandatory training as required for FBI Agents.

4.      In my role as a Special Agent for the FBI, I have participated in multiple investigations that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence and the forfeiture of narcotics-related assets. I have been involved in the service of federal and state search warrants as part of these investigations.

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, violations of the Controlled Substance Act, Title 21, United States Code, Section 841 *et seq*., and related offenses.

6.      The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the Application for the search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## APPLICABLE LAW

7.      Title 21, United States Code, Section 841 provides for criminal penalties for the distribution of, and possession with intent to distribute, controlled substances. Title 21, United States Code, Section 843(b) makes it a felony offense to use a communications facility (including cellular telephones) to facilitate a controlled substance offense.

## KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

8.      Based upon my training and experience, including my experience in this investigation, and my discussions with other experienced officers and agents involved in drug investigations, I know the following:

a.      Traffickers of controlled substances, and those who assist them, maintain and tend to retain accounts or records of their drug trafficking activities, including lists of drug quantities and money owed, telephone records including contact names and numbers, photographs, and similar records of evidentiary value. These items are generally kept in locations where drug traffickers believe their

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

property is secure and will remain undetected from law enforcement, such as inside their homes, vehicles, storage lockers, businesses, and digital devices, including cell phones, thumb drives, SD cards, tablets, and laptops.

b.      Traffickers of controlled substances commonly maintain records reflecting names or nicknames, addresses, and/or telephone numbers of their suppliers, customers and associates in the trafficking organization. Traffickers commonly maintain this information in books or papers as well as in their cellular telephones, thumb drives, SD cards, tablets, and laptops. Traffickers often maintain cellular telephones, tablets, laptops, thumb drives, and SD cards for ready access to their clientele and to maintain their ongoing drug trafficking. It is common for traffickers to use more than one cellular telephone at any one time.

c.      Traffickers maintain evidence of their criminal activity at locations that are convenient to them, including their residences, vehicles, and storage lockers. This evidence often includes not only contraband and paraphernalia, but also financial records, records of property and vehicle ownership, records of property rented, and other documentary evidence relating to their crimes. Drug traffickers sometimes take or cause to be taken photographs and/or video recordings of themselves, their associates, their property, and their illegal product. These individuals often maintain these photographs and recordings in their possession or at their premises stored on digital devices, including cell phones.

d.      During the execution of search warrants, it is common to find papers, letters, billings, documents, and other writings which show ownership, dominion, and control of vehicles, residences, and/or storage units.

e.      Persons trafficking and using controlled substances commonly sell or use more than one type of controlled substance at any one time.

f.      Traffickers frequently maintain items necessary for weighing, packaging, and cutting drugs for distribution. This paraphernalia often includes,

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

but is not limited to, scales, plastic bags and cutting/diluting agents and items to mask the odor of drugs.

g.     It is common for drug dealers to also be users of their product, and that it is common for the drug user to maintain paraphernalia associated with the use of controlled substances.

h.     Traffickers frequently maintain records, books, notes, ledgers, travel documents, and other papers relating to the transportation and distribution of controlled substances, including travel records, in locations convenient to them, such as their residences and vehicles.

i.     Traffickers frequently keep on hand amounts of United States currency in order to maintain and finance their ongoing narcotics business. They commonly deal in currency because of its untraceable nature. They sometimes convert their illicit currency into currency equivalents such as cashier's checks and money orders. Traffickers often conceal in secure locations such as their residences and vehicles currency, financial instruments, precious metals, jewelry, and other items of value which are the proceeds of drug transactions, and evidence of consequential financial transactions relating to obtaining, transferring, secreting, or spending large sums of money made from engaging in drug trafficking activities, and financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, and other records showing the management of such assets. Traffickers often have money counters.

j.     Traffickers often maintain weapons, including guns, ammunition, and body armor, in secure locations such as their residences and vehicles, in order to protect their drugs and drug proceeds.

k.     Traffickers often have false identification documents and identification documents in the names of others in order to conceal their identities.

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

l.      Traffickers very often place assets in names other than their own, or use fictitious names and identification, to avoid detection of these assets by government agencies, and that even though these assets are in other persons' names, the drug dealers actually own and continue to use these assets and exercise dominion and control over them.

m.      Illegal drug trafficking is a continuing activity over months and even years. Illegal drug traffickers will repeatedly obtain and distribute controlled substances on a somewhat regular basis, much as any distributor of a legitimate commodity would purchase stock for sale and, similarly, such drug traffickers will have an "inventory" which will fluctuate in size depending upon various factors to include the demand and supply for the product. I would expect the trafficker to keep records of his illegal activities for a period of time extending beyond the time during which he actually possesses illegal controlled substances, in order that he can maintain contact with his criminal associates for future drug transactions, and so that he can have records of prior transactions for which, for example, he might still be owed money, or might owe someone else money. These records are often created in code.

9.      As noted above, drug dealers use cellular telephones and other digital devices, including tablets, laptops, thumb drives, and SD cards, as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones and portable digital devices because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. It is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business. Based on

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    my training and experience, the data maintained in a cellular telephone or other digital
2    device used by a drug dealer is evidence of a crime or crimes. This includes the
3    following:

4              a.       The assigned number to the cellular telephone (known as the mobile
5    directory number or MDN), and the identifying telephone serial number
6    (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN),
7    (International Mobile Subscriber Identity, or IMSI), or (International Mobile
8    Equipment Identity, or IMEI) are important evidence because they reveal the
9    service provider, allow us to obtain subscriber information, and uniquely identify
10   the telephone. This information can be used to obtain toll records, to identify
11   contacts by this telephone with other cellular telephones used by co-conspirators,
12   to identify other telephones used by the same subscriber or purchased as part of a
13   package, and to confirm if the telephone was contacted by a cooperating source or
14   was intercepted on a wiretap here or in another district.

15             b.       The stored list of recent received calls and sent calls, as well as the
16   voicemail content from missed calls, is important evidence. It identifies telephones
17   and individuals recently in contact with the telephone user. This is valuable
18   information in a drug investigation because it will identify telephones used by
19   other members of the organization, such as suppliers, distributors, and customers,
20   and it confirms the date and time of contacts. If the user is under surveillance, it
21   identifies what number he called during or around the time of a drug transaction or
22   surveilled meeting. If the caller leaves a voicemail, it also may help identify the
23   caller and the purpose of the call. Even if a contact involves a telephone user not
24   part of the conspiracy, the information is helpful (and thus is evidence) because it
25   leads to friends and associates of the user who can identify the user, help locate the
26   user, and provide information about the user. Identifying a defendant's law-
27   abiding friends is often just as useful as identifying his drug-trafficking associates.
28

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      Stored text messages, emails, and any social media content/messages (like Facebook messenger) are important evidence, similar to stored numbers. Agents can identify both drug associates and friends of the user who likely have helpful information about the user, his location, and his activities and purpose for meeting.

d.      Stored documents and files are also important and can identify drug associates as well as means and methods of money laundering activities of drug traffickers.

e.      Photographs and video recordings on a cellular telephone, thumb drive, SD card, laptop, tablet, or portable hard drive, including metadata, are evidence because they help identify the user, either through his or her own picture/video, or through pictures/videos of friends, family, and associates that can identify the user and the locations the user has been. Pictures/videos also identify associates likely to be members of the drug trafficking organization. Some drug dealers photograph/video groups of associates, sometimes posing with weapons and showing identifiable gang signs. Also, digital photos often have embedded "geocode" or GPS information embedded in them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located.

f.      Stored web browsing history is important evidence because it shows the user's activities and places of interest, including if the user looked up addresses, restaurants, and other businesses on a web browser on the cell phone, which can show where coconspirators meet, where they travel, and where assets might be located. Moreover, through web browsing history, a user can also access or look up associates or coconspirators on social media, which is valuable

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

information in a drug investigation because it will identify members of the organization, such as suppliers, distributors and customers.

g.     Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

h.     Stored data in money transfer applications, such as Venmo and CashApp, are important evidence because they show from whom and to whom the user is sending money. In the era of digital currency and online money transfers, I know based on my training and experience drug traffickers use Cash App and other money transfer applications to pay for drug products in lieu of physical cash. Accordingly, any stored data on money transfer applications on cell phones can show the user's drug trafficking associates, customers, and other connections.

i.     Stored location data, including from any map applications on the cell phone or portable digital device, are important evidence because the data can show where the user has been, including addresses of residences and business parking lots, which can show stash house locations, drug transaction meeting locations, or the addresses of a drug trafficker's associates, customers, or suppliers.

## STATEMENT OF PROBABLE CAUSE

10.     The United States, including the FBI, is conducting a criminal investigation of Zachery Farnam regarding possible violations of Title 21, United States Code, Sections 841 and 843(b), and related crimes.

**Probable Cause for Zachery Farnam, the Subject Vehicle, and the Subject Devices**

11.     In October 2021, Zachery Farnam was on federal supervised release for 2015 convictions of felon in possession of a firearm and possession of methamphetamines with intent to distribute, for which he received a sentence of 60 months in custody and five years of supervised release. The conditions of supervised release included that the defendant not commit any other crimes, not unlawfully possess or use any controlled substances, and submit to searches conducted by U.S. Probation at a

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  reasonable time, in a reasonable manner, and based upon reasonable suspicion of

2  contraband or violation of conditions of supervision.

3       12.    On October 9, 2021, at 2337 hours Deputy E. Martin of the Snohomish

4  County Sheriff's Department conducted a traffic stop of a vehicle at 23516 23rd Avenue

5  NE, Arlington, Washington. He stopped the vehicle, a gray 2007 BMW 328 bearing

6  Washington license plate CAY0338 (the **Subject Vehicle**), for no front license plate,

7  which is a violation of local law. The driver, identified as Zachery Alexander Farnam,

8  was found to have a felony U.S. Marshal's warrant. Deputy Martin verified the warrant

9  and arrested Farnam. Subsequent to making the arrest and from outside the vehicle,

10 Deputy Martin observed a pill on the floorboard of the of the vehicle, which he identified

11 as an "M-30" pill. An M-30 pill is a small round pill, often blue in color and usually

12 stamped with the marking "M-30," which is a counterfeit pill made to look like the

13 prescription opioid oxycontin/oxycodone and which often contains fentanyl in addition to

14 other opioids.

15       13.    Stillaguamish Police Department Officer Bahrakis arrived and applied his

16 narcotics K9 to the **Subject Vehicle** at the scene of the stop. The K-9 indicated positive

17 for the presence of narcotics within the **Subject Vehicle**. Deputy Martin seized the

18 **Subject Vehicle** and arranged for it to be transported to a Snohomish County Sheriff's

19 Office secure location pending application for a search warrant or other investigative

20 steps, where it remains.

21       14.    On November 9, 2021, U.S. Probation officers conducted a search of the

22 vehicle within their authority and the conditions of Farnam's supervised release. During

23 the search, they seized the following items: a 4.6 ounce bag of methamphetamine, a bag

24 containing 2.7 ounces of M-30 pills, the single M-30 pill observed by Deputy Martin, six

25 small containers of marijuana, a digital scale, an asp baton, a can of bear spray, $1,800 in

26 apparent counterfeit U.S. currency, $11,100 in U.S. currency, and papers of dominion

27 and control over the vehicle in Zachery Farnam's name. These are depicted below.

28

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



15.     The U.S. Probation officers also observed and photographed, but did not seize from the vehicle, two cell phones that they left behind on the front passenger seat. The phones were a rectangular-shaped smart phone in what appears to be a black case (**Subject Device 1**) and a gray Alcatel flip phone with what appears to be instructional sticker on the phone (**Subject Device 2**).

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12



13    16.    Based on the facts of the investigation stated above, as well as my training

14  and experience of drug traffickers generally as set forth above, I believe that the quantity

15  of methamphetamine and M-30 pills are strongly indicative of drug trafficking, especially

16  when coupled with Zachery Farnam's criminal history of drug trafficking, and the scale,

17  weapons, and cash that were also in his car. I also believe that the contents of **Subject**

18  **Device 1** and **Subject Device 2** may contain evidence of Zachery Farnam's drug

19  trafficking activities. This could include the names and phone numbers of his associates;

20  photographs of narcotics, proceeds, or packaging; documents and files concerning money

21  laundering and financial transactions; and text messages, emails, or other

22  communications arranging narcotics transactions. As discussed above, drug traffickers

23  often use multiple digital devices in their drug trafficking business, and it is common to

24  find drug traffickers in possession of multiple phones at one time. It is common for

25  traffickers to retain possession of older phones that are no longer in use. Those phones

26  often still contain evidence of drug trafficking, such as text messages, emails,

27  photographs, financial transactions, and stored contacts, as discussed at further length

28  above.

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SEARCH TECHNIQUES

17.     Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant I am applying for will permit imaging or otherwise copying all data contained on **Subject Devices 1** and **2**, and will specifically authorize a review of the media or information consistent with the warrant.

18.     In accordance with the information in this Affidavit, law enforcement personnel will execute the search of **Subject Devices 1** and **2** pursuant to this warrant as follows:

> **a.     Securing the Data**
>
> > i.      In order to examine the electronically stored information (ESI) in a forensically sound manner, law enforcement personnel with appropriate expertise will attempt to produce a complete forensic image, if possible and appropriate, of **Subject Devices 1** and **2**.
> >
> > ii.     Law enforcement will only create an image of data physically present on or within **Subject Devices 1** and **2**. Creating an image of the **Subject Devices 1** and **2** will not result in access to any data physically located elsewhere. However, **Subject Devices 1** and **2** that have previously connected to devices at other locations may contain data from those other locations.
> >
> > iii.    The applied-for warrant authorizes the forensic examination of **Subject Devices 1** and **2** for the purpose of identifying electronically stored data particularly described in Attachment B. This review may be conducted by any federal or local government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, federal and local contractors and support staff, attorneys for the government, attorney support staff, and technical experts. Pursuant to the requested warrant, the FBI may deliver a complete copy of the electronic

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   data to the custody and control of attorneys for the government and their

2   support staff for their independent review.

3   **b.      Searching the Forensic Images**

4   Searching the forensic images for the items described in Attachment B may

5   require a range of data analysis techniques. In some cases, it is possible for agents

6   and analysts to conduct carefully targeted searches that can locate evidence

7   without requiring a time-consuming manual search through unrelated materials

8   that may be commingled with criminal evidence. In other cases, however, such

9   techniques may not yield the evidence described in the warrant, and law

10   enforcement may need to conduct more extensive searches to locate evidence that

11   falls within the scope of the warrant. The search techniques that will be used will

12   be only those methodologies, techniques, and protocols as may reasonably be

13   expected to find, identify, segregate, and/or duplicate the items authorized to be

14   seized pursuant to Attachment B to this affidavit.

15   / / /

16   / / /

17

18

19

20

21

22

23

24

25

26

27

28

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **CONCLUSION**

19.     Based on the foregoing, I submit there is probable cause to believe that contained within the **Subject Vehicle** described in Attachment A are **Subject Devices 1** and **2**, also described in Attachment A. Further, there is probable cause to believe that **Subject Devices 1** and **2** contain evidence, fruits, and instrumentalities, as described in Attachment B, of violations of 21 U.S.C. §§ 841 (distribution of, and possession with intent to distribute, controlled substances), 21 U.S.C. § 843(b) (use of communication facilities to commit, facilitate, or further an act or acts which constitute a felony), committed by Zachery Farnam.


_Christine Hughey_
Christine Hughey, Affiant
Special Agent, FBI


The above-named agent provided a sworn statement to the truth of the foregoing affidavit by telephone on the 1st day of December, 2021.


_S. Kate Vaughan_
S. Kate Vaughan
United States Magistrate Judge

USAO 2021R01314
AFFIDAVIT OF SA CHRISTINE HUGHEY - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A

### Location to Be Searched

The property to be searched consists of the following vehicle and digital devices, which are currently in the custody of the Snohomish County Sheriff's Office and located in a secure vehicle processing area.

1.     **Subject Vehicle**: A gray 2007 BMW 328 bearing Washington license plate CAY0338, VIN #WBAVC53507FZ70985, which was seized by the Snohomish County Sheriff's Office on or about October 9, 2021, and is now stored in a secure vehicle processing area.

With respect to the **Subject Vehicle**, the search is to include all containers, locked or unlocked, where the items in Part I of Attachment B could be found.

2.     **Subject Device 1**: A rectangular-shaped smart phone in what appears to be a black case, located on the front seat of the **Subject Vehicle**, as depicted below.



3.     **Subject Device 2**: A gray Alcatel flip phone with what appears to be an instructional sticker on the phone, located on the front seat of the **Subject Vehicle**, as depicted below.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT B

## Items to Be Searched for and Seized

This warrant authorizes the government to search for and seize the following items that are evidence, fruits, and/or instrumentalities of the crimes of possession with intent to distribute and distribution of narcotics, in violation of Title 21, United States Code, Section 841(a)(1), and use of a communication facility to facilitate such offenses, in violation of Title 21, United States Code, Section 843. The Court finds reasonable necessity for the seizure of the items identified below. *See* 18 U.S.C. § 3103a(b)(2).

I.      The **Subject Vehicle**.

        a.      Any controlled substances and suspected controlled substances, including but not limited to cocaine, crack cocaine, and marijuana.

        b.      Drug paraphernalia, meaning items used or intended to be used to store, process, package, use, and/or distribute controlled substances, such as plastic bags, cutting agents, scales, measuring equipment, chemicals or similar items used to test the purity and/or quality of controlled substances, and similar items.

        c.      Drug transaction records, meaning documents such as ledgers, receipts, notes, and similar items relating to the acquisition, transportation, and distribution of controlled substances.

        d.      Customer and supplier information, including items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe sheets" with drug amounts and prices, maps or directions, and similar items.

        e.      Cash, precious metals, jewelry, and other similar items of value, and/or proceeds of drug transactions, as well as money counters.

        f.      Documents and other property, such as photographs, mail, or other items, tending to show who owns, possesses, uses, or has dominion and control over the location.

ATTACHMENT B - 1
USAO No. 2021R01314

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.      Firearms or parts thereof, ammunition, firearms magazines, firearms accessories, body armor, firearms boxes, firearms manuals, records of the purchase of firearms, or other items related to the ownership or use of firearms.

h.      Cell phones and other communications devices, including but not limited to **Subject Device 1** and **Subject Device 2**. If such cell phones or other communications devices are seized, the government may search them without further authorization for the items described in Section II.

II.      **Subject Device 1**, **Subject Device 2**, and any other cell phones or communications devices seized from the **Subject Vehicle**.

a.      Assigned phone number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

b.      Stored list of recent received, sent, and missed calls;

c.      Stored contact information;

d.      Stored photographs, videos, addresses, calendar notes, notes, map history, or documents/files of or related to narcotics, currency, firearms or other weapons, and other evidence of narcotics trafficking, including photographs or video that may show the user of the phone/digital device or suspected co-conspirators, including any embedded GPS data associated with those photographs or videos;

e.      Stored text messages related to the aforementioned crimes of investigation, including Apple iMessages, Blackberry Messenger messages, or other similar messaging services where the data is stored on the telephone;

f.      Stored emails related to the aforementioned crimes of investigation;

g.      Stored voicemails related to the aforementioned crimes of investigation;

h.      Stored web browsing history related to the aforementioned crimes of investigation;

      i.      Stored social media content/history related to the aforementioned crimes of investigation;

      j.      Stored banking or money transfer history, including application-based money transfer data/history (e.g., Venmo or CashApp account data/history) and other financial transactions indicative of money laundering of narcotics proceeds; and

      k.      Stored location data, including from any map applications on the cell phone/digital device.

The applied-for warrant authorizes the forensic examination of **Subject Device 1**, **Subject Device 2**, and any other cell phones or communications devices seized from the **Subject Vehicle** for the purpose of identifying electronically stored data described herein. This review may be conducted by any federal or local government personnel, sworn or non-sworn, assisting in the investigation, who may include, in addition to law enforcement officers and agents, federal and local contractors and support staff, attorneys for the government, attorney support staff, and technical experts. Pursuant to the requested warrant, the FBI may deliver a complete copy of the electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ATTACHMENT B - 1
USAO No. 2021R01314

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970